DEAN AND WIFE *et al.* *v.* S. P. HALE.

1. CLERK AND MASTER. *Negligence. Liable.* A clerk and master is liable to heirs for loss occurring from taking notes of insolvent persons for land sold for partition. That he did not know the parties upon the purchase notes were insolvent, is no excuse; it was his duty to inform himself.

2. SAME. *Fees.* Where negligence of the clerk and master inflicts loss upon a party, he forfeits his fees as to him.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. M. BRADFORD, Ch.

J. N. AIKEN for complainants.

R. K. ROBINSON and A. BLIZZARD for defendant.

TURNEY, J., delivered the opinion of the court.

Hale was formerly clerk and master of the chancery court of Monroe county.

Isaac Cole died, in 1867, the owner of a tract of land of several hundred acres, and leaving a number of heirs, to whom the title to the land descended. Cowan, McClung & Co. had a deed of trust on the interest of John E. Cole, one of the heirs, and J. F. Owens a deed of trust on the interest of S. G. Cole. In 1872, a bill was filed to sell the land for partition and to satisfy the deeds in trust. In June, 1873, a decree of sale was pronounced. It directs

the clerk and master to sell for ten per cent. of the purchase money in cash, and to take notes with approved security for the balance at one and two years.

In August, 1873, W. P. Cole became the purchaser, at the price of $3,650, paying in cash $365, and executing notes for $3,285, with P. F. Butler, S. G. Cole and another as sureties.

The principal and sureties were at the time insolvent, and known to be so by those acquainted with them. After judgment they failed to pay anything on the purchase money. By resale and subsequent redemption, the land has been made to realize about one thousand dollars of the purchase money; the balance is lost to the heirs.

The loss is claimed by the bill to have been the result of the negligence and carelessness of the clerk and master Hale in failing to observe the duties imposed upon him by law in the discharge of his official duties, and in disobeying the directions of the decree to take good and approved security, and it is now sought to make him responsible for the loss.

The defense is, that defendant did not know of the insolvency; that he had very little acquaintance with any of them (maker or sureties); that the purchase was made by W. P., for himself and all the other heirs, under an agreement to buy in the land, pay off the deeds in trust, and divide the land.

The manner in which Hale attempts to excuse himself for taking the notes of insolvent persons, is a strong circumstance against him. If he knew nothing of the solvency or insolvency of the signers of the

Dean *v.* Hale.

notes and had but little acquaintance with them, such ignorance onerated him with the duty of informing himself.   He was not excusable in taking the notes of any such utter personal and financial strangers, especially when, as in this case, he was warned to "take good notes, as the heirs did not want to lose the land and the money too."

In this respect he has not only failed to observe that extraordinary care and caution required of him in his official and trust capacity, but he has fallen short of the prudence ordinarily exercised by men in transacting their private business.   It is overwhelmingly shown by the entire proof that a very little inquiry would have satisfied him of the inability of the makers to pay the notes.   His conduct evinces a recklessness and indifference to his official obligations that are inexcusable, and must not be passed over by courts without holding him to account for the consequences.

There was at one time an effort on the part of some of the heirs to divide the land; this was not agreed to by others, and was abandoned.   If the testimony offered as to this attempted division is considered by the court, it shows that at the time of sale, and before and after, the defendant never regarded it as of any consequence, or as in fact having any existence.   He claims in his testimony to have been told of such an agreement by W. P. Cole and his sureties.   If he had thought there was anything of it, it was his duty to have inquired of others in interest.   What some in interest may have said to him

is of no avail against others not connected with such statements. If a partition was preferable to sale, the heirs might have had their respective shares assigned them. The incumbrances on the interests of two made no stronger or better reason for a sale than would have existed without them. The shares of the debtors could have as easily been set apart subject to the liens of the deeds of trust as without them; the creditors representing the heirs took no higher rights than the heirs themselves, and diminished no rights of the non-debtor heirs. There is no good reason attempted to be given why a sale should have been preferred, and besides, the parties were not capable of making any binding agreement to divide the land, there being infants and married women. There is nothing probable or consistent in this defense, leaving out of view the fact that, according to the defendant's account of it, none of the heirs except those whose names are to the notes ever told him there was such an arrangement. The complainants are illiterate and ignorant, with but little business capacity. The defendant has business qualifications, and has taken upon himself a very highly responsible fiduciary relation, and must be held to its strict discharge.

Upon the whole case, we are satisfied the loss has resulted from the gross negligence and carelessness of the defendant, amounting to a total disregard of the simplest duties of his office.

W. P. Cole and S. G. Cole, two of the heirs, are not entitled to any recovery, as they are makers of the notes and have contributed to bringing about the

loss. The decree is reversed, and a decree will be made in this court for those entitled to the amount of their respective shares. In the estimate the defendant will be charged with the costs and commissions he received in the proceedings for sale, except as to the shares of W. P. and S. G. Cole. Defendant will pay all costs.